IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DONALD A. GIBSON,

    Plaintiff,

v.                                                Civil Action No. 5:06CV27
                                                                         (STAMP)

MICHAEL J. ASTRUE,[1]
Commissioner of Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE**

I.  Procedural History

Plaintiff, David A. Gibson (also known as the claimant), filed an action in this Court on March 3, 2006 seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B).

Plaintiff filed a motion for summary judgment on October 5, 2006. The Commissioner filed a cross-motion for summary judgment on November 1, 2006. On February 5, 2007, the magistrate judge

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for former Commissioner Jo Anne B. Barnhart as the defendant in this action.

filed a report recommending that the plaintiff's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted because substantial evidence supports the credibility and analysis of the Administrative Law Judge ("ALJ") and his determination that employment exists in significant numbers in the national economy that the plaintiff can perform.

Upon submitting his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed by either party.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which an objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 486 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Facts

Plaintiff filed an application for supplemental security income on November 30, 2003. He then filed his application for social security disability insurance benefits on February 2, 2004, alleging disability since December 5, 2003. The claim was denied initially and on reconsideration. Plaintiff requested a hearing before an ALJ and received a hearing on June 8, 2005. The ALJ issued a decision adverse to the plaintiff on June 26, 2005. Plaintiff requested a review by the Appeals Council, which denied the plaintiff's request. Plaintiff then filed the present action.

## III. Applicable Law

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

IV. <u>Discussion</u>

In his motion for summary judgment, the plaintiff argues that the ALJ's decision is not supported by substantial evidence. Specifically, the plaintiff asserts that the ALJ erred in conducting his credibility analysis to the plaintiff's testimony and in finding that a significant number of jobs exist that the plaintiff can perform. The Commissioner disputes the plaintiff's claims. He argues that the ALJ properly considered the plaintiff's credibility and correctly determined that a significant number of jobs exist that the plaintiff can perform.

A. <u>The Administrative Law Judge's Credibility Analysis</u>

The United States Court of Appeals for the Fourth Circuit stated the standard for evaluating a claimant's subjective complaints in <u>Craig v. Chater</u>, 76 F.3d 585 (4th Cir. 1996). Under <u>Craig</u>, when a claimant alleges disability from subjective symptoms, he must first show the existence of a medically determinable impairment that could cause the symptoms alleged. <u>Id.</u> at 594. The ALJ must "expressly consider" whether a claimant has such an impairment. <u>Id.</u> at 596. If the claimant makes this showing, the ALJ must consider all evidence, including the claimant's statements about his symptoms, in determining whether the claimant is disabled. <u>Id.</u> at 595. While the ALJ must consider the claimant's statements, he need not credit them to the extent they are inconsistent with the objective medical evidence or to the extent

the underlying objective medical impairment could not reasonably be expected to cause the symptoms alleged. Id. However, subjective symptoms "may not be dismissed merely because objective evidence of the pain itself . . . are not present to corroborate the existence of pain." Id. As long as the ALJ followed the legal mandates of Craig, his factual determinations will be upheld so long as they have substantial evidence to support them. Milburn Colliery Co. v. Hicks, 138 F.3d at 528 (4th Cir. 1998). A decision with substantial evidence adequately explains its reasoning. Id.

When evaluating the credibility of a plaintiff's subjective complaints, the ALJ may consider discrepancies between the severity of the complaints and the treatment sought. In Mickles v. Shalala, 29 F.3d 918, 930 (4th Cir. 1994), the Fourth Circuit stated that "an unexplained inconsistency between the claimant's characterization of the severity of her condition and the treatment she sought to alleviate that condition is highly probative of the claimant's credibility." Furthermore, a "claimant's allegations of disabling pain may be discredited by evidence that he or she has received minimal medical treatment and/or has taken medications, other than aspirin, for pain only on an occasional basis." Williams v. Bowen, 790 F.2d 713, 715 (8th Cir. 1986). Thus, it is appropriate "for the ALJ to consider the level and type of treatment the plaintiff sought and did or did not receive in

5

determining what weight to accord" to subjective allegations. Baldwin v. Barnhart, 444 F. Supp. 2d 457, 464 (E.D.N.C. 2004).

In this action, the ALJ found that the plaintiff has medically determinable impairments that could cause the pain he alleges. (Tr. at 16.) Nevertheless, the ALJ declined to fully credit the plaintiff's testimony. The ALJ noted that the plaintiff does not take medication for the pain. He also noted that the plaintiff prepares meals, drives his automobile, shops and reads. Id. The ALJ credited the plaintiff's testimony to the extent of limiting him to sedentary work. Id.

This Court finds that the ALJ correctly followed the first step in Craig, 76 F.3d at 596, by explicitly finding that the plaintiff has medically determinable impairments that could cause the symptoms alleged. The plaintiff has not challenged the ALJ's opinion at this step.

The magistrate judge found that substantial evidence supports the ALJ's decision to only partially credit the plaintiff's testimony. Thus, the magistrate judge recommends that the ALJ's decision should be affirmed in this regard.

First, the ALJ noted that the plaintiff does not take any pain medication. While the plaintiff argues that this should not be held against him because he cannot afford medication, the plaintiff testified that his workers' compensation coverage will pay for some of the cost of the medication. (Tr. at 243.) The plaintiff

further states that "nothing helps it, so I don't get the prescriptions." Id. The plaintiff also refused to consider using a morphine pump to ease his pain stating that "I'm an old man. I'm done." (Tr. at 267.) The plaintiff declined to consider the morphine pump as a treatment even though he testified that, due to his level of pain, he only gets about two hours of sleep a night. (Tr. 254-55, 266-67.) This evidence properly tends to undermine the plaintiff's credibility. Mickles, 29 F.3d at 930; Williams, 790 F.2d at 715.

The ALJ also considered the plaintiff's daily living activities when considering his credibility regarding his subjective complaints of pain. Under Craig, 76 F.3d at 595, the ALJ should consider evidence of daily living activities when evaluating credibility. The ALJ noted that the plaintiff drives an automobile, prepares meals, shops and reads. (Tr. at 16.) The plaintiff testified that he travels to Weston, West Virginia about every ten days and does the driving on some occasions. (Tr. at 269.) The plaintiff also testified that he periodically cooks. (Tr. at 270.) The plaintiff testified that the night before the administrative hearing, he boiled ribs and poured barbecue sauce on them. Id. The plaintiff testified that he reads "any kind of book I can get a hold of." (Tr. at 261.) Although, he stated that he has some difficulty focusing on the pages, he also seemed to discount the limitation, stating that "everybody has it, I guess."

7

Id. This evidence undermines the plaintiff's subjective allegations of disabling limitations. Craig, 76 F.3d at 595.

Other evidence from the record also supports the ALJ's decision to only partially credit the plaintiff's subjective symptoms. In August 2004, Russell Biundo, M.D. determined that the plaintiff "is independent in all areas" and "is able to function independently." (Tr. at 152.) He also stated that the plaintiff was "doing fairly well" with his sleep disorder. (Tr. at 153). James D. Weinstein, M.D. also wrote that the best therapy was "vigorous and active physical therapy to try to get himself back into a situation where he can do something." (Tr. at 121.)

Accordingly, this Court finds that substantial evidence supports the ALJ's decision to only partially credit the plaintiff's subjective complaints of pain. For this reason, the magistrate judge's report and recommendation must be adopted with respect to the ALJ's decision regarding the plaintiff's subjective complaints of pain.

B. The ALJ's Determination That a Substantial Number of Jobs Exist That the Plaintiff Can Perform

The plaintiff challenges the ALJ's determination that a substantial number of jobs exist in the national economy that the plaintiff can perform. The plaintiff notes that when he added limitations in dexterity to the hypothetical posed by the ALJ to the vocational expert ("VE"), the VE was only able to identify one

8

position someone with those limitations could perform. The VE stated that there were only fifty of those jobs available locally and 15,000 nationally. The plaintiff argues that this is an insufficient number of jobs under the regulations. The Commissioner states that the plaintiff's hypothetical included limitations not ultimately accepted by the ALJ. The Commissioner further notes that when the VE responded to the ALJ's hypothetical, he pointed other jobs the plaintiff can perform.

The ALJ is not required to accept answers a VE gives to hypothetical questions when the hypothetical contains limitations not ultimately adopted by the ALJ. 20 C.F.R. § 404.1560(b)(2). The additional limitations regarding hand movements in the plaintiff's hypothetical to the VE were not ultimately adopted by the ALJ. (Tr. at 18, 278.) This Court must consider whether the ALJ's rejection of the hand limitation is supported by substantial evidence.

This Court finds that the ALJ's decision to not credit the plaintiff's alleged limitations in dexterity is supported by substantial evidence. The ALJ found that the plaintiff has symptoms consistent with carpal tunnel syndrome in his right hand and also has a deformity of the fifth finger in his right hand. (Tr. at 154.) The ALJ also considered Dr. Biundo's opinion that the plaintiff has "excellent strength and sensation." Id. The plaintiff can fully extend his hand and make a fist. (Tr. at 154.)

9

The ALJ considered that plaintiff has normal upper extremity and grip strength.  Id.  A physical residual functional capacity assessment from September 2004 found that the plaintiff has no manipulative limitations. (Tr. at 162.)  This included limitations in reaching, handling, fingering and feeling. Id.  Given that the substantial evidence standard is "satisfied there is a 'genuine dispute,'" that standard is met here. Pierce v. Underwood, 487 U.S. 552, 565 (1988).

Since this Court concludes that substantial evidence supports the ALJ's decision not to include the plaintiff's alleged manipulative limitations in his hypothetical question to the VE, this Court will now examine whether the jobs identified by the VE represent a significant number of jobs.

Pursuant to 42 U.S.C. § 423(d)(2)(A), the Commissioner bears the burden to prove that work "exists in significant numbers either in the region where such individual lives or in several regions of the country."  If a claimant is incapable of performing any work existing in significant numbers in the national economy, then he is disabled.  20 C.F.R. §§ 404.1520(a)(4)(v); 404.1560(c).

In this action, the VE identified the positions of surveillance system monitor, addresser, reference clerk and information clerk as positions the plaintiff could perform.  There were 345,000 of these jobs available nationally and 800 locally.  This Court finds that this is sufficient to satisfy the

Commissioner's burden of showing that work exists for the plaintiff in significant numbers. 42 U.S.C. § 423(d)(2)(A).

In evaluating the credibility of a plaintiff's objective complaints, the ALJ may consider discrepancies between the severity of the complaints and the treatment sought.

## V. Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that the plaintiff's motion for summary judgment is hereby DENIED and the Commissioner's motion for summary judgment is hereby GRANTED.

It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     June 14, 2007

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE